IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

L. KRISTEN BULLARD,

        Plaintiff,

v.

FEDEX FREIGHT, INC.,

        Defendant.

Case No.

JURY DEMAND

## COMPLAINT

Plaintiff, L. Kristen Bullard, worked for Defendant, FedEx Freight, Inc. for over ten years when she was suspended and eventually terminated because of her disability and her requests for intermittent FMLA.[1] Throughout 2014, Ms. Bullard was regularly harassed, criticized and humiliated because of her disability. Indeed, throughout the year, whenever she would request intermittent FMLA, her supervisor, Elkins, would regularly forward her requests for FMLA use to all employees of the facility and multiple locations until she asked him to stop because it was humiliating. As a result of the harassing treatment, Plaintiff's disability was exacerbated. The discriminatory and retaliatory treatment came to a head during an incident on August 19, 2014, when Plaintiff experienced an unexpected and severe exacerbation of symptoms of her disability on the way to work. Despite calling and advising Defendant she would be late due to her disability, she was suspended without pay when she arrived at work. As further evidence of retaliation, Plaintiff filed an EEOC charge on September 30, 2014, and was subsequently terminated on December 4, 2014– one day before she was scheduled for mediation with the

---

[1] Plaintiff currently has charges pending with the EEOC concerning violations of ADA as well. She intends to amend this complaint after those charges have been administratively exhausted.

1

EEOC. Accordingly, she files the instant Complaint for violations of the TDA and FMLA.

## PARTIES

1. Plaintiff is a citizen and resident of Dickson County, Tennessee, and a former employee of Defendant. Plaintiff worked at Defendant's Antioch, Davidson County, Tennessee location.

2. Defendant FedEx Freight, Inc. ("FXF") is an Arkansas corporation licensed to transact business in Tennessee. Its registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929. At all material times, Defendant has been an employer as defined by the FMLA and under state law.

3. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2011 and/or 2012 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

4. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

## JURISDICTION AND VENUE

5. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); and the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count II).

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

7. Plaintiff worked for FedEx Freight from January 2004 to December 2, 2014.

Since 2007, she was employed as a Fleet Maintenance Administrative Assistant for the SE Region Sr. Manager.

8. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1).

9. Plaintiff was qualified for her job with Defendant and performed her job duties in a competent and satisfactory manner.

10. Plaintiff notified her manager (at the time), Edmundson, of her disability in 2007, and Human Resources in October 2013 because her disability would at times cause her to move slower in the morning resulting in her clocking in a few minutes late or, occasionally, to miss work. The instances were not the standard, but she applied for and was granted intermittent FMLA to address the situation because she was being penalized for instances related to tardiness or missing work. At the time, she requested very minor flexibility (which had not been a problem in prior years) with regards to her start time. However, despite these discussions, Plaintiff was not made aware of FXF's ADA policies.

11. After she requested FMLA, Plaintiff was made aware that her supervisor, Elkins, was in the office of HR representative, White, speaking about Plaintiff's attendance and upcoming corrective actions regarding her attendance. While doing so, the office door was wide open where the people in the office could hear them talking and making jokes about Plaintiff.

12. When Plaintiff used her approved intermittent FMLA, supervisor Elkins imposed a requirement she send him an email with her symptoms if she was going to miss a day due to FMLA related issues. Elkins would then forward that email to other employees that Plaintiff would typically deal with on a day to day basis, including hourly and salaried employees, and to multiple locations, including FXF headquarters. After this continued habitually, Plaintiff asked him to stop.

13. On August 19, 2014, Plaintiff called in and told her manager, Elkins that she was going to be late for FMLA reasons because she was experiencing a flare up of symptoms related to her disability, but that she would try to make it in. When she arrived at work, she was told that she was being removed from her position without pay because she called in and that her call in would be investigated.

14. Because she was suspended without pay from work, Plaintiff immediately objected to the discriminatory treatment and submitted a written objection to her removal on the basis of her approved intermittent FMLA and chromic disability that same day, August 19, 2014.

15. On August 29, 2014, while still on unpaid suspension, Elkins sent Plaintiff four intrusive and insulting questions related to her medical condition to submit to her physician return to him in 5 days:

- On a few occasions, Ms. Bullard has indicated that she has had a flare-up on her way to work, which has caused her to be late. Can flare-ups be predicted more than one or two hours in advance?
- Does the flare up prevent her from picking up the phone?
- Does the pain prevent her from doing anything besides pulling over to the side of the road and letting it pass?
- Is it panic based?

16. On September 9, 2014, Plaintiff made a formal request for flex time as an accommodation to HR. Afterwards, she received accommodation paperwork from FXF.

17. Plaintiff was not able to get an appointment with her physician until October 15, 2014, and she returned the accommodation paperwork from her physician on or around October 26, 2014, after she received it from her physician.

18. While on suspension she was not paid for the time she was forced out of work, and was not allowed to use PTO.

4

19. After submitting ADA accommodation paperwork FXF required her to submit additional paperwork and she remained on leave.

20. Upon information and belief, Plaintiff was replaced by a person who was not disabled and who did not require intermittent FMLA.

21. Plaintiff filed an EEOC charge on September 30, 2014.

22. Plaintiff agreed to mediation with the EEOC on December 5, 2014. One day before the mediation, on December 4, 2014, she was terminated allegedly because FXF could not accommodate her request for flex-time to have a variance to FXF's "three minute rule" that requires employees clock in within three minutes of their scheduled start time.

## Count I
## Violation of FMLA

23. Plaintiff restates and incorporates herein the foregoing paragraphs.

24. Defendant harassed Plaintiff on the basis of her disability and FMLA, failed to engage in a meaningful interactive process and simply terminated her on the basis of discrimination and retaliation.

25. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

26. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

27. Plaintiff was entitled to receive FMLA leave to care for her serious health conditions.

28. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested FMLA, including but not limited to, interfering with her rights to take FMLA by failing to provide her the required notice of FMLA rights; discouraging her from taking time

5

off that she needed; refusing to grant intermittent leave for her serious health conditions; threatening her job for attendance issues that were directly related to her serious health condition; notifying other employees of her requests for FMLA; retaliating against her for exercising her rights under the FMLA; and finally being terminated from her employment.

29. Plaintiff was entitled to receive FMLA on an intermittent basis.

30. Defendant's actions constitute both interference and/or retaliation violations of the FMLA.

31. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

32. Defendant's conduct harmed and caused damage to Plaintiff.

33. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### Count II
### Violation of TDA- Disability Discrimination/Retaliation

34. Plaintiff restates and incorporates herein the foregoing paragraphs.

35. Plaintiff was a qualified individual with a disability.

36. Plaintiff was discriminated against due to her disability.

37. Defendant subjected Plaintiff to a hostile work environment and discriminated and retaliated against Plaintiff on the basis of her disability in violation of the TDA.

38. Plaintiff could perform the essential functions of her job with reasonable accommodation.

6

Case 3:15-cv-00905   Document 1   Filed 08/19/15   Page 6 of 8 PageID #: 6

39. Plaintiff was subjected to a hostile work environment and eventually terminated because of her disability and/or in retaliation for her requests for reasonable accommodation and complaints concerning the accommodation process.

40. Plaintiff could perform the essential functions of her job with reasonable accommodation. Plaintiff made requests for reasonable accommodation, including, but not limited to, modification of her work schedule and a flexible start time.

41. Plaintiff was eventually terminated because of her disability and/or in retaliation for her requests for reasonable accommodation and complaints concerning the accommodation process.

42. Plaintiff was subjected to a continuing and on-going campaign of disability harassment in Defendant's workplace because of her disability.

43. Plaintiff reported and/or protested incidents of harassment by supervisors to Defendant's management, the reports were either ignored or rebuffed. Defendant failed to remedy and/or prevent disability harassment in the workplace.

44. Defendant is vicariously liable for the disability harassment perpetuated by its employees to Plaintiff, and is liable for failing to remedy disability harassment in the workplace.

45. Plaintiff's termination was motivated by her disability.

46. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

47. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Heather Moore Collins
Heather Moore Collins BPR # 026099
Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
1612 Westgate Circle, Suite 218
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

*Attorneys for Plaintiff*